**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIONISIA SACOR-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-73226 <br><br> Agency No. A208-377-752 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Dionisia Sacor-Garcia petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming an immigration judge's denial of her

applications for asylum, withholding of removal, and relief under the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Nationality Act and the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.     To qualify for asylum and withholding of removal, Sacor-Garcia must have shown that her husband is a person whom "the government is unable or unwilling to control." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)). By failing to challenge the BIA's holding that she did not show that the Guatemalan government was unable or unwilling to control her husband, Sacor-Garcia has forfeited any such argument. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). Because this issue is dispositive of Sacor-Garcia's asylum and withholding claims, we do not consider any arguments related to Sacor-Garcia's proposed social group.

2.     Substantial evidence supports the BIA's conclusion that Sacor-Garcia does not qualify for CAT relief. Sacor-Garcia points to a State Department report discussing sexual harassment and discrimination against women in Guatemala. But generalized evidence of violence and crime in a country is insufficient to prove that a specific individual faces a likelihood of mistreatment rising to the level of torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (submitted country reports were insufficient to establish eligibility for CAT relief because they did not indicate any particularized risk of torture).

**PETITION DENIED.**